# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VINCENT RENARD GOOCH,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | CAUSE NO.: 2:10-CV-478-PRC |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by the Plaintiff, Vincent Renard Gooch, on December 9, 2010, and a Memorandum [DE 16], filed by Plaintiff on July 18, 2011. Plaintiff Gooch requests that the March 2, 2010, decision of the Administrative Law Judge to deny his disability insurance benefits be reversed. For the following reasons, the Court denies Gooch's request and reaffirms the decision of the Administrative Law Judge.

## PROCEDURAL BACKGROUND

On January 23, 2007, Gooch filed an application for disability income benefits ("DIB") and supplemental security income, alleging a disability onset date of October 1, 2006. His application was denied initially and upon reconsideration.

A hearing was held on November 18, 2009, before Administrative Law Judge ("ALJ") Dennis R. Kramer, at which Plaintiff, medical expert ("ME") Dr. Sheldon Slodki, and vocational expert ("VE") Grace Gianforte appeared. On March 2, 2010, the ALJ issued a decision denying Gooch's claim, and on October 14, 2010, the Appeals Council denied Gooch's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## FACTS

### A. Background Information

Gooch was 44 years old at the time of the ALJ's decision. He has a high school education. He worked sporadically as a dock worker, truck driver, bus driver, and machine operator between 1988 and 2005, and worked again as a bus driver between September 2007 and March 2009, when he was fired.

### B. Medical Evidence

On December 19, 2007, Gooch was examined by consultative physician Dr. Teofilo Bautista. Gooch complained that he suffered from diabetes back pain, and blurry vision, although he did not wear glasses. Dr. Bautista noted that Gooch was independent in his activities of daily living and able to ambulate without difficulty. Gooch had normal muscle tone and strength in his upper and lower extremities, intact bilateral knee reflexes, and good grip strength in both hands. Dr. Bautista diagnosed Gooch with diabetes mellitus; hypertension; arthralgia; history of bronchitis; low back pain; and poor vision.

### C. Testimony of the Plaintiff

At the administrative hearing, Gooch testified that diabetes was his worst medical problem, saying, "My whole left side, you know, I can't really lift nothing or anything like that, I constantly stay tired with PMI and stuff like that. Sometimes my eyes go blurry, sometimes they don't." Dr. Sheldon Slodki, an independent medical expert, testified that Gooch was capable of lifting or

carrying up to 50 pounds occasionally; lifting or carrying up to 20 pounds occasionally; and sitting, standing, or walking for about six hours in an eight-hour work day.

**D.      Testimony of Vocational Expert**

Grace Gianforte, a vocational expert, testified that an individual who shared Gooch's educational background, vocational profile, and residual functional capacity could perform a range of jobs that existed in the regional economy, including warehouse guard (approximately 3,000 jobs), cafeteria attendant (approximately 8,000 jobs), and inspector (approximately 3,000 jobs).

**E.      The ALJ's Decision**

The ALJ found that Gooch had not engaged in substantial gainful activity since the alleged date of onset. The ALJ determined that Gooch suffered from severe impairments of diabetes mellitus, hypertension, arthritis, disorders of the back, and obesity, but that his condition did not meet or medically equal a listed impairment. The ALJ found that Gooch's subjective testimony concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent that they were inconsistent with the ALJ's residual functional capacity ("RFC") assessment. The ALJ concluded that Gooch could not do his past work, but retained the RFC to perform a limited range of light work, including a significant number of other jobs in the national economy, and was therefore not disabled.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an

erroneous legal standard. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ's findings are supported by substantial evidence and under the correct legal standard. *See Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). If an error of law is committed by the Commissioner, then the "court must reverse the decision regardless of the volume of evidence supporting the factual findings." *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

An ALJ must articulate, at a minimum, his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits." *Zurawski v.*

4

*Halter*, 245 F.3d 881, 888 (7th Cir. 2001). The ALJ must build an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004) (quoting *Scott*, 297 F.3d at 595); *see also Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir. 1999) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to Step 2; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to Step 3; (3) Does the impairment(s) meet or

equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to Step 4; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to Step 5; (5) Can the claimant perform other work given the claimant's residual functional capacity ("RFC"), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At the fourth and fifth steps, the ALJ must consider an assessment of the claimant's residual functional capacity ("RFC"). "The RFC is an assessment of what work-related activities the claimant can perform despite [his] limitations." *Young*, 362 F.3d at 1000. The ALJ must assess the RFC based on all the relevant evidence of record. *Id.* at 1001 (citing 20 C.F.R. § 404.1545(a)(1)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Id.* at 1000; *see also Zurawski*, 245 F.3d at 886; *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Gooch's single page *pro se* Memorandum raises one issue for review. Gooch claims that he suffers from medical conditions, including bad eye sight, weakening left side, dizziness and fainting, diabetes, and the effect of medications that prevent him "from doing substantial gainful work." The Court construes these factual assertions as the following legal issue: whether substantial evidence supports the ALJ's finding that, considering Gooch's impairments, he retained the ability to perform a limited range of light work.

**A.      Severity of Impairments**

Upon review of the ALJ's opinion, the Court concludes that his findings are supported by substantial evidence. At step one of his inquiry, the ALJ found that Gooch has not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ determined that Gooch suffered from severe impairments of diabetes mellitus, hypertension, arthritis, disorders of the back, and obesity, but none of his conditions, alone or in combination, met or medically equaled a listed impairment.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two of the ALJ's analysis requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(a)(4)(ii). A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). The determination of whether a claimant suffers from a severe condition that meets a listed impairment comes at step three of the sequential analysis. At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. § 404.1520(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id.*

The Commissioner points out that no treating, consulting, or reviewing physician found that

Gooch's impairments met the description of a listing or its impairment, and Gooch does not argue that his impairments meet all of the specified medical criteria of a listing.

In his Memorandum, Gooch also claims that he is depressed and suicidal. However, Gooch did not include a claim for depression or other mental disability in his application for benefits, and his mental health was therefore not examined at any stage of his claim. If he believes he has developed clinical depression or another mental health disorder that is disabling, either on its own or in combination with his other severe impairments, or if he has developed new or worsening physical ailments, he must file an application for benefits that identifies all of his claims.

**B.     Credibility Finding**

The Commissioner argues that the ALJ appropriately explained how the evidence demonstrated that Gooch's condition was not as debilitating as he alleged, and the ALJ's credibility determination should therefore not be disturbed.

In making a disability determination, the Commissioner will consider a claimant's statement about his or her symptoms, including pain, and how they affect the claimant's daily life and ability to work. *See* 20 C.F.R. § 404.1529(a). However, subjective allegations of disabling symptoms alone cannot support a finding of disability. *See id*. The Regulations establish a two-part test for determining whether complaints of pain contribute to a finding of disability: (1) the claimant must provide objective medical evidence of a medically determinable impairment or combination of impairments that reasonably could be expected to produce the symptoms alleged; and (2) once an ALJ has found an impairment that reasonably could cause the symptoms alleged, the ALJ must consider the intensity and persistence of these symptoms. 20 C.F.R. § 404.1529(a).

The ALJ must weigh the claimant's subjective complaints, the relevant objective medical

evidence, and any other evidence of the following factors:

    (1)     The individual's daily activities;

    (2)     Location, duration, frequency, and intensity of pain or other symptoms;

    (3)     Precipitating and aggravating factors;

    (4)     Type, dosage, effectiveness, and side effects of any medication;

    (5)     Treatment, other than medication, for relief of pain or other symptoms;

    (6)     Other measures taken to relieve pain or other symptoms;

    (7)     Other factors concerning functional limitations due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3). In making a credibility determination, Social Security Ruling 96-7p states that the ALJ must consider the record as a whole, including objective medical evidence, the claimant's statement about symptoms, any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant, and any other relevant evidence. *See* SSR 96-7p, 1996 WL 374186 (Jul. 2, 1996).

    An ALJ is not required to give full credit to every statement of pain made by the claimant or to find a disability each time a claimant states he or she is unable to work. *See Rucker v. Chater*, 92 F.3d 492, 496 (7th Cir. 1996). However, Ruling 96-7p provides that a claimant's statements regarding symptoms or the effect of symptoms on her ability to work "may not be disregarded solely because they are not substantiated by objective evidence." SSR 96-7p at *6. An ALJ's credibility determination is entitled to substantial deference by a reviewing court and will not be overturned unless the claimant can show that the finding is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006).

    In this case, the ALJ found that Gooch's "statements concerning the intensity, persistence,

9

and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual capacity assessment." If that statement encompassed the entirety of his credibility finding, it would be an impermissible boilerplate statement. *See Brindisi v. Barnhart*, 315 F.3d 783, 788 (7th Cir. 2003); *Brown v. Astrue*, No. 09-cv-249, 2010 WL 1727864, at *2 (S.D. Ill. April 27, 2010). However, the ALJ's opinion reflects that he considered Gooch's medical history, including the findings of the physicians in the record, to reach his conclusion that not all of Gooch's physical symptoms were supported by the medical evidence. For example, the ALJ considered Gooch's allegations of headaches due to his hypertension, but noted that there was no evidence that the hypertension was as severe as claimed, since it had not caused any other difficulties and Gooch himself described the hypertension medication as effective. The ALJ's credibility determination was not "patently wrong," *Prochaska*, 454 F.3d at 738, and therefore will not be disturbed.

**C.     Residual Functional Capacity**

Likewise, the ALJ's RFC finding is supported by substantial evidence. The ALJ found that Gooch retained the RFC to perform a limited range of light work and could perform a significant number of jobs despite the limitations caused by his impairments.

The RFC is a measure of what an individual can do despite the limitations imposed by his impairments. 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. § 404.1527(e)(2); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at Steps Four and Five of the sequential evaluation process. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996). "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id.* The ALJ's RFC finding must be supported by substantial evidence. *Clifford*, 227 F.3d at 870. In arriving at a RFC, the ALJ

10

"must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8p, 1996 WL 374184 at *5 (July 2, 1996). In addition, he "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'" because they "may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." *Id*.

The Commissioner argues that the ALJ's RFC assessment is supported by substantial evidence. The ALJ considered Gooch's daily activities and the objective medical evidence in the record and included all limitations from the medical evidence in the RFC, including limitations greater than those to which the medical examiner testified. Accordingly, the Court agrees with the Commissioner that the RFC assessment is supported by substantial evidence.

**D.     Vocational Expert**

When an ALJ relies on testimony from a VE to make a disability determination, the ALJ must incorporate all of the claimant's limitations supported by medical evidence in the record. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *see also Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003) ("Furthermore, to the extent the ALJ relies on testimony from a vocational expert, the question posed to the expert must incorporate all relevant limitations from which the claimant suffers.") (citation omitted). If the VE is unaware of all of the Plaintiff's limitations, he may refer to jobs the Plaintiff cannot perform. *Kasarsky*, 335 F.3d at 543. In addition, the ALJ must make certain the jobs the VE identifies are consistent with the information provided in the Dictionary of Occupational Titles. *Prochaska*, 454 F.3d at 735.

In this case, the ALJ posed several different hypothetical questions to the VE, and included

11

all of the limitations that were ultimately included in the RFC, described above. The VE testified that an individual who shared Gooch's background and RFC could perform a variety of jobs in the regional economy and that her testimony was consistent with the DOT. As the Commissioner argues, the ALJ's decision was supported by substantial evidence and will not be disturbed.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Memorandum [DE 16] and Gooch's request that the Court reverse the ALJ's decision. The decision of the ALJ is **AFFIRMED** in all respects.

SO ORDERED this 12th day of January, 2011.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc: All counsel of record
Plaintiff, *pro se*